[Civ. No. 40652. Second Dist., Div. One. Apr. 30, 1973.]

ROBERT F. ARNESEN, Plaintiff and Appellant, v.
RAYMOND LEE ORGANIZATION, INC., et al.,
Defendants and Respondents.

## COUNSEL

Norman G. Axe, Marvin E. Jacobs and Gerald L. Price for Plaintiff and Appellant.

Adams, Duque & Hazeltine, Bruce A. Beckman, Richard T. Davis, Jr., and Bruce L. Ashton for Defendants and Respondents.

## OPINION

**THOMPSON, J.**—This is an appeal pursuant to Code of Civil Procedure section 904.1, subdivision (c), from an order of the trial court quashing out-of-state service of summons upon three of five named defendants in an action brought on behalf of a class and an individual plaintiff. By reason of a failure of appellant to support his position by a factual showing in the trial court, we affirm the order.

Appellant filed his verified complaint in the case at bench purporting to allege seven causes of action. The first five counts are on behalf of a nationwide class consisting of "all . . . persons . . . who have dealt with defendants and for whom defendants have prepared patent applications . . . or [who have] entered into a contractual relationship for alleged services and for which plaintiffs have paid to defendants good and valuable consideration. . . ." The sixth and seventh causes of action are alleged on behalf of the named plaintiff alone. Defendants are the Raymond Lee Organization, Inc. (the corporation), and four of its officers and employees, Raymond Lee (Lee), Lawrence Peska (Peska), Howard Gressey (Gressey), John Dulaine (Dulaine), and Richard Deutschman (Deutschman).[1]

The first cause of action, on behalf of the class, alleges that the class members entered into contracts with the corporation by which the corporation agreed to aid them in the development, patenting, and exploitation of inventions, and pursuant to which the plaintiffs each paid or became obligated to pay fees of approximately $400 to the corporation and assigned to it a 10 percent interest in their respective inventions. It claims that the contracts are illegal and induced by various express and "implied" misrepresentations of the defendants. The first count seeks rescission of the contracts.

---

[1] Dulaine and Deutschman are not parties to this appeal.

The second count realleges the facts of the first and adds claims of failure of consideration and malice. It seeks rescission and punitive damages. The third count, realleging the matter contained in the first, seeks rescission, the imposition of a constructive trust, and punitive damages, all for fraud. The fourth cause of action alleges that the class members have been damaged by conduct of defendants amounting to the unlawful practice of law. It seeks general and punitive damages. The fifth cause of action realleges the matter in the first and fourth, and asserts that the conduct of the defendants constitutes an unfair trade practice. It seeks injunctive relief and damages.

The sixth cause of action, on behalf of the named plaintiff alone, claims breach of contract and seeks damages of $250 plus rescission. The seventh cause of action, on behalf of only the named plaintiff, claims fraud. It seeks rescission, general damages of $250, and punitive damages.

The corporation and Deutschman filed their answer to the complaint. Lee, Peska, and Gressey, all nonresidents of California, were served outside the state. They moved to quash service, claiming that they were not subject to the personal jurisdiction of the California court. The motions are supported by affidavits. Plaintiff filed a memorandum of points and authorities but no timely declaration in opposition.[2] The trial court granted the motions. On this appeal from that order, plaintiff contends that the order of the trial court is erroneous because: (1) the moving defendants committed a tort within the state; (2) Lee entered into a contract in the state in his personal capacity; (3) the separate identity of the corporation should be disregarded thus rendering the individual defendants subject to personal jurisdiction in California; and (4) there will be a failure of justice if the individual defendants are not required to appear.

We conclude that, while plaintiff's position might be correct had he established a factual basis for it in the trial court, his failure to do so requires that the trial court's order quashing service of process be affirmed.

Code of Civil Procedure section 410.10 states: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Thus we are required to determine whether, on the record before us, personal jurisdiction may be exercised by a California court on any constitutional basis over defendants Lee, Peska, and Gressey who were served outside the state. ■ We test

---

[2] Four days after the matter was submitted in the trial court and without seeking its permission to reopen, appellant did file an affidavit. The trial court properly declined to consider it.

that record in light of the principles that: (1) where a defendant properly moves to quash out of state service of process for lack of jurisdiction, the burden of proof is upon the plaintiff to establish the facts of jurisdiction by a preponderance of the evidence (*Wilson* v. *Eddy,* 2 Cal.App.3d 613, 617 [82 Cal.Rptr. 826]; *Martin Bros. Elec. Co.* v. *Superior Court,* 121 Cal.App.2d 790, 794 [264 P.2d 183]; *Briggs* v. *Superior Court,* 81 Cal. App.2d 240, 251 [183 P.2d 758]); (2) evidence of those facts or their absence may be in the form of declarations with the verified complaint being treated as a declaration for that purpose (*Atkins, Kroll & Co.* v. *Broadway Lbr. Co.,* 222 Cal.App.2d 646, 654 [35 Cal.Rptr. 385, 12 A.L.R.3d 880]); (3) where there is a conflict in the declarations, resolution of the conflict by the trial court will not be disturbed on appeal if the determination of that court is supported by substantial evidence (*Vibration Isolation Products, Inc.* v. *American Nat. Rubber Co.,* 23 Cal. App.3d 480, 482 [100 Cal.Rptr. 269]; *Atkins, Kroll & Co.* v. *Broadway Lbr. Co., supra,* 222 Cal.App.2d 646, 654); and (4) we are not permitted on appeal to consider evidence not before the trial court (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § § 218, 219).

In the case at bench, respondent defendants properly moved to quash out of state service of summons upon them. Substantial evidence supports the trial court's determination that appellant, plaintiff, failed in his burden of proof of facts establishing personal jurisdiction in the California court despite service of process upon respondents outside the state.

Since respondents were not served with process in California, have not consented to the exercise of personal jurisdiction, and are not in a status relationship with the state upon which personal jurisdiction can be based, personal jurisdiction, if it exists, must be found from activity of respondents so connected with California as to satisfy constitutional requirements. (Gorfinkle & Lavine, *Long-Arm Jurisdiction in California,* 21 Hastings L.J. 1163, 1170.) In that context, two types of activity of respondents within California are asserted by appellant: (1) a general allegation in the complaint that "All defendants . . . maintain offices and are transacting business in the County of Los Angeles, State of California at 5455 Wilshire Boulevard . . ."; and (2) arguments in appellant's brief that the record establishes that respondents committed a tort in California and respondent Lee individually entered into a contract in this state.

The regular, continuous, and substantial conduct by a foreign corporation of business within a state subjects that corporation to the personal jurisdiction of the state's courts. (*International Harvester Co.* v. *Kentucky,* 234 U.S. 579 [58 L.Ed. 1479, 34 S.Ct. 944]; Gorfinkel &

Lavine, *Long-Arm Jurisdiction in California, supra,* 21 Hastings L.J. at pp. 1178-1179.) If that principle applies also to individuals doing business in a state, the allegation in the verified complaint at bench standing alone might be sufficient to establish jurisdiction over respondents. The allegation does not stand alone, however. It is rebutted in a fashion justifying the trial court in finding it false for the purpose of the motion to quash. Each of the three respondents filed an affidavit stating in evidentiary terms that he had no business of his own and that his sole business activity was as an employee or officer of the corporation. The trial court was entitled to accept as true the evidentiary facts in the affidavits over the general allegation in terms of ultimate fact contained in the complaint. "Doing business" is, in the last analysis, a conclusionary concept of mixed law and fact. The statements of evidence in the affidavits from which the trial court drew its own determination are here more persuasive than the statement of the conclusion in the complaint. Since the trial court impliedly found that appellant failed to establish the factual predicate for general jurisdiction of the forum over the person of respondents based upon the concept of doing business within the state, we do not reach the legal issue of the limitation, if any, of that principle of jurisdiction to corporations.

■    Activity within the forum state sufficient to confer personal jurisdiction is, of course, not limited to conduct of a sufficient quantum to constitute "doing business." "[D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" (*Internat. Shoe Co.* v. *Washington,* 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057].) ■    Jurisdiction based upon "minimum contacts" is exercisable over both individuals and corporations. (Gorfinkel & Lavine, *Long-Arm Jurisdiction in California, supra,* 21 Hastings L.J. at p. 1180, citing Rest.2d Conflicts, § 845.) That jurisdiction exists, however, only where "the particular cause of action [arises] out of or [is] connected with the defendant's forum-related activity." (*Buckeye Boiler Co.* v. *Superior Court,* 71 Cal.2d 893, 898-899 [80 Cal.Rptr. 113, 458 P.2d 57].) Conduct by a person outside the forum state purposefully availing himself of the law of the state for the purpose of entering into a contract with a resident of the forum is a sufficient minimum contact. (*McGee* v. *International Life Ins. Co.,* 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]; cf. *Hanson* v. *Denckla,* 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228].) So is conduct outside the forum state intended or reasonably designed to accomplish a tort within it if the tort

occurs. (Gorfinkel & Lavine, *Long-Arm Jurisdiction in California, supra,* 21 Hastings L.J. at pp. 1203-1204.)

Here, however, the record fails factually to establish respondents' "minimum contacts" with California with respect to the causes of action alleged in the complaint in either contract or tort. There is no direct allegation in the complaint that any conduct of respondents was directed to California or accomplished any result in this state. The verified complaint does allege that the defendants in general held themselves out as qualified to perform legal services in violation of the law of California. It does not, however, state where or to whom the defendants so acted. It alleges that appellant is entitled to recover for violation of his "civil rights" arising from the law of California, but does not state where the conduct creating the violation occurred or had effect. It alleges that the acts of the defendants in general are in violation of the law and public policy of California without stating where the acts occurred or were intended to be or were effective.

The strongest allegations in the complaint are in paragraph 49 and in exhibit A. Paragraph 49 alleges that "[B]y defendants making and disseminating, or having and causing to be made or disseminated, before the general public in the State of California the aforesaid representations and implications which are untrue or misleading, and which representations are known, or which by the exercise of reasonable care should be known, to said defendants to be untrue or misleading, since in fact said defendants are not authorized or licensed to practice law either in California or before the United States Patent Office, makes said representations and implications untrue and misleading and unlawful as set forth within the meaning of § 17,500 of the California Business and Professions Code [*sic*]." Exhibit A, incorporated by reference in the complaint as a typical example of letter contracts executed by members of the class and the corporation, is addressed to California and is signed by the corporation and Lee.

Paragraph 49 of the complaint, while referring inferentially to conduct in California, is otherwise meaningless. The trial court was entitled to disbelieve the inferential statement in the meaningless allegation, particularly where, as here, appellant, although afforded the opportunity to do so, failed to file declarations or affidavits directly alleging facts establishing the personal jurisdiction of the California court. Similarly, the trial court was not required to give any evidentiary effect to exhibit A. There is no allegation in the complaint or statement anywhere else that the letter was ever sent to anyone in California or in any way reached any person connected with California. Lacking such a foundation, it was incompetent for the purpose of the motion to quash.

Respondents' affidavits filed in opposition to the motion admit visits to California and correspondence to the state but not in connection with the transactions which are the subject of the complaint.

Appellant's contentions that California jurisdiction over respondents exists because the separate identity of the corporation must be disregarded and to prevent a failure of justice must also be rejected. There is no factual showing at all in support of the first argument. The second ignores the basic principle that jurisdiction is a constitutional concept dependent upon a rule of law and not some vague concept of equity.

The trial court's order granting respondents' motion to quash out of state service of summons must thus be sustained because the record fails to establish that the trial court erred in finding that appellant failed to sustain his burden of proof. Appellant's brief recites extensive facts not presented by him in a competent fashion in the trial court. Those facts are not properly before us here so that appellant's argument based upon them must be disregarded.

Appellant argues, also, that in a case involving the same parties before the federal district court, out of state service upon respondents was found effective. (*Arnesen* v. *Raymond Lee Organization, Inc.* (C.D.Cal. 1971) 333 F.Supp. 116.) Evidence which was not before the trial court here was, however, apparently presented to the federal court. There was no request that the trial court take judicial notice of the federal proceeding. Appellant did not contend in the trial court and does not contend on this appeal that any principle of collateral estoppel makes the determination of the federal district court binding in the state court litigation. We thus must test the trial court's order by the record before it and not on the record before another court.

The order (judgment) is affirmed.

Wood, P. J., and Lillie, J., concurred.