[Civ. No. 1699. Fifth Dist. May 17, 1973.]

LARRY L. MARTIN, Plaintiff and Appellant, v.
DETROIT LIONS, INC., Defendant and Respondent.

474

COUNSEL

Kenneth M. Byrum for Plaintiff and Appellant.

Vizzard, Baker, Sullivan, McFarland & Long and Jere N. Sullivan for Defendant and Respondent.

OPINION

GARGANO, J.—Appellant is a professional football player. Respondent is a Michigan corporation, and it owns and operates a professional football team for profit. Appellant brought this action in the Superior Court of Kern County to recover his full salary for the 1970 professional football season; the complaint alleged that appellant contracted to play professional football for respondent for the 1970 football season, that the respondent agreed to pay appellant his salary if appellant were unable to play football as the result of injury sustained in the performance of his duties, that appellant was injured during an inner-squad practice scrimmage and that respondent refused to pay appellant's salary even though he was incapacitated for the entire season as the result of the injury.

Respondent does not maintain an agent, officer or other person in this state upon whom service of summons can be made. Service was made by appellant on respondent by serving the summons and a copy of the complaint on the California Secretary of State. (Code Civ. Proc., § 416.10; Corp. Code, § 6501.) Respondent then made a special appearance in the Kern County Superior Court and moved the court to quash the service; it alleged that it owns no property in California and does not transact and never has transacted any business within this state. After court hearing respondent's motion was granted. This appeal followed.

█ The trial court's ruling was erroneous. It is undisputed that appellant was scouted by respondent while he was playing football in California, that he was recruited in the City of Bakersfield and that the employment contract was signed in that city. It is also undisputed that respondent derives a substantial part of its income from paying customers who attend professional football games, that respondent's team, the Detroit Lions, plays at least one of the four California professional football teams regularly in California, that when the Detroit Lions play in California respondent receives a portion of the California gate receipts, that in 1970 the Detroit team played the Los Angeles Rams in Los Angeles before a sellout crowd, and that respondent's team was scheduled to play the San Francisco Forty Niners in this state in 1971. Finally, it is undisputed that in 1970 respondent employed a professional scout, that the scout maintained a residence in California and that he scouted and recruited football players in California for respondent.

A California court may exercise jurisdiction over a nonresident defendant only within the perimeters of the due process clause as delineated by the decisions of the United States Supreme Court. (*International Shoe Co.* v. *State of Washington,* 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057]; *Michigan Nat. Bank* v. *Superior Court,* 23 Cal.App.3d 1, 6 [99 Cal.Rptr. 823]; Code Civ. Proc., § 410.10.) While it has been held that minimum contact for due process requires more than a "foot-fall on the State's soil" (*Erlanger Mills* v. *Cohoes Fibre Mills,* 239 F.2d 502, 509), where the cause of action arises out of economic activity within the state, the contacts need not consist of repeated or continuous business transactions; an isolated transaction, such as the breach of a contract made and to be performed in the state, may be sufficient. (*McGee* v. *International Life Insurance Company,* 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]; *Hanson* v. *Denckla,* 357 U.S. 235, 251 [2 L.Ed.2d 1283, 1296, 78 S.Ct. 1228]; *Henry R. Jahn & Son* v. *Superior Court,* 49 Cal.2d 855 [323 P.2d 437]; *Long* v. *Mishicot Modern Dairy, Inc.,* 252 Cal.App.2d 425 [60 Cal.

Rptr. 432].) As the United States Supreme Court said in the leading case of *International Shoe Co.* v. *State of Washington, supra,* 326 U.S. 310, 316 [90 L.Ed. 95, 102]: ". . . due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

Clearly, respondent moved through this state with more than a "footfall," and the maintenance of appellant's lawsuit in a California court "does not offend 'traditional notions of fair play and substantial justice.' "

 We consider next respondent's contention that because appellant's injury occurred in Detroit, the trial of the lawsuit in California will cause serious inconvenience to respondent and its witnesses. Respondent argues that "the relative availability of evidence and the burden of defense and prosecution in one place rather than another" is one of the factors to be considered in determining whether a state court has acquired jurisdiction over a nonresident. (*Fisher Governor Co.* v. *Superior Court,* 53 Cal.2d 222, 225 [1 Cal.Rptr. 1, 347 P.2d 1].)

It is true the *Fisher Governor* case states that the burden of defending an action in one place rather than another is a factor to be considered in determining whether a state court has acquired jurisdiction over a nonresident. However, the California Supreme Court was concerned there with the jurisdictional issue, and a careful reading of the decision indicates that the burden of trying the action in the court in which the complaint is filed is only one of many factors to be considered on the jurisdictional issue and has importance only in close cases where the nonresident's contacts with the forum state are minimal and the inconvenience which could be caused by the trial of the action there is substantial. If, as here, it is clear the state court has jurisdiction, and if the nonresident's real complaint is that the trial of the lawsuit will cause serious inconvenience, the appropriate remedy is a motion to stay proceedings or to dismiss the action under the doctrine of *forum non conveniens* (Code Civ. Proc., § 410.30); under this doctrine a court may refuse to entertain a lawsuit even though it has jurisdiction over the litigants if it finds the forum of filing to be a seriously inconvenient forum for the trial of the action. (*Gulf Oil Corporation* v. *Gilbert,* 330 U.S. 501 [91 L.Ed. 1055, 67 S.Ct. 839].)

 Respondent suggests that its motion in the superior court should be treated in this appeal as a motion to dismiss the action under the doctrine of *forum non conveniens,* apparently because respondent made a vague

reference to that doctrine when citing the jurisdictional factors articulated by the *Fisher Governor* court.

Respondent's suggestion is untenable. The trial court's order quashing service of summons states in part: ". . . it appearing to the satisfaction of the court from the papers on file and the evidence offered at said hearing that the defendant has not been subjected to the jurisdiction of the court by service of complaint and summons on it; . . ." The trial court's order was based solely on lack of jurisdiction; we cannot resort now to the doctrine of *forum non conveniens* to uphold it even if we should assume that the doctrine were considered. (*Great Northern Ry. Co.* v. *Superior Court,* 12 Cal.App.3d 105, 112 [90 Cal.Rptr. 461].) Not only did respondent limit its motion in the court below to a special appearance only to quash service of summons, but the record shows clearly that the doctrine of *forum non conveniens,* as such, was not presented. Respondent did not call the court's attention to sections 410.30 or 418.10, subdivision a(2) of the Code of Civil Procedure during the hearing or request the court to dismiss the action pursuant to either provision.[1] Respondent did not disclose the nature of its evidence or the names and addresses of its witnesses; it showed merely that the alleged injury occurred in Michigan. The doctrine of *forum non conveniens* is an extremely limited one and cannot be applied by a court to dismiss an action over which it otherwise has jurisdiction unless all pertinent factors are weighed and considered. (*Gulf Oil Corporation* v. *Gilbert, supra,* 330 U.S. 501.)

The order is reversed.

Brown (G. A.), P. J., and Franson, J., concurred.

A petition for a rehearing was denied June 15, 1973, and the opinion was modified to read as printed above. Respondent's petition for a hearing by the Supreme Court was denied July 18, 1973.

---

[1]Section 410.30, subdivision (a), states:

"When a court upon motion of a party or its own motion finds that in the interest of substantial justice an action should be heard in a forum outside this state, the court shall stay or dismiss the action in whole or in part on any conditions that may be just."

Section 418.10, subdivision a(2) states:

"(a) A defendant, on or before the last day of his time to plead or within such further time as the court may for good cause allow, may serve and file a notice of motion either or both:

(1) To quash service of summons on the ground of lack of jurisdiction of the court over him.

(2) To stay or dismiss the action on the ground of inconvenient forum."