[L.A. No. 30416. In Bank. Feb. 10, 1976.]

ODESSA CORNELISON, Plaintiff and Appellant, v.
ROY DOUGLAS CHANEY, Defendant and Respondent.

## Counsel

Olney, Levy, Kaplan & Tenner and Jack Tenner for Plaintiff and Appellant.

Williams & Black and Donald B. Black for Defendant and Respondent.

## OPINION

·MOSK, J.—The issue presented by this appeal is whether California, consistent with the due process clause of the United States Constitution, may assert jurisdiction over a nonresident individual whose essentially interstate business has a relationship to this state, but whose allegedly tortious acts occurred outside the state.

Plaintiff is a California resident whose husband was killed in a highway collision with defendant's truck in Nevada, 27 miles south of Las Vegas, not far from the California border. Plaintiff was a witness to the accident. She filed a complaint in California alleging that his death was caused by defendant's negligence. Defendant is a resident and domiciliary of Nebraska and process was served upon him by mailing copies of the original summons and complaint to his residence in Nebraska. (Code Civ. Proc., § 415.30.)[1] Appearing specially and without submitting himself to the jurisdiction of the court, defendant moved that the issuance of the summons and the service be quashed because the court lacked jurisdiction over his person. (Code Civ. Proc., § 418.10, subd. (a)(1).)[2] The trial court granted the motion and dismissed the action on the ground that it had no jurisdiction over defendant because "the quality, extent and nature of the contacts of defendant . . . with the State of California, as it applies to the transaction giving rise to this cause of action, are not sufficient for jurisdiction of this Court to attach herein."

Plaintiff appeals, contending that the activities of defendant furnish sufficient basis for jurisdiction to attach in California and that the trial court erred in dismissing the action. We agree.

For seven years preceding the accident defendant was engaged in the business of hauling goods by truck in interstate commerce. He made approximately 20 trips a year to this state in the operation of this business. The accident occurred while defendant was en route to

---

[1]Section 415.30, subdivision (a), provides, "(a) A summons may be served by mail as provided in this section. A copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."

[2]Section 418.10, subdivision (a)(1), provides, "(a) A defendant, on or before the last day of his time to plead or within such further time as the court may for good cause allow, may serve and file a notice of motion . . . . (1) To quash service of summons on the ground of lack of jurisdiction of the court over him."

California. He was hauling dry milk to the Star Kist Tuna Company in Long Beach, California, and intended to obtain cargo in California for a return shipment to an undesignated destination.

Defendant was licensed to haul freight by the Public Utilities Commission of California, and had similar licenses issued by the regulatory agencies of several other states. His average cargo in any single trip to California had a value of approximately $20,000. He acted as an independent contractor for several brokerage companies engaged in shipping, one of which was in California.

A California court may exercise judicial jurisdiction over nonresidents on any basis not inconsistent with the United States Constitution or the California Constitution. (Code Civ. Proc., § 410.10.)[3] In a significant line of cases beginning with *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057], the United States Supreme Court has defined the parameters of the power of the states to compel nonresidents to defend suits brought against them in the state's courts. (*Hanson* v. *Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228]; *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]; *Perkins* v. *Benguet Mining Co.* (1952) 342 U.S. 437 [96 L.Ed. 485, 72 S.Ct. 413]; *Traveler's Health Assn.* v. *Virginia* (1950) 339 U.S. 643 [94 L.Ed. 1154, 70 S.Ct. 927].) █ The general rule is that the forum state may not exercise jurisdiction over a nonresident unless his relationship to the state is such as to make the exercise of such jurisdiction reasonable. (*Internat. Shoe,* at p. 320 [90 L.Ed. at p. 104]; see Rest.2d Conf. of Laws, § 24.)

If a nonresident defendant's activities may be described as "extensive or wide-ranging" (*Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893, 898-899 [80 Cal.Rptr. 113, 458 P.2d 57]) or "substantial . . . continuous and systematic" (*Perkins* v. *Benguet Mining Co., supra,* 342 U.S. 437, 447-448 [96 L.Ed. 485, 493-494]), there is a constitutionally sufficient relationship to warrant jurisdiction for all causes of action asserted against him. In such circumstances, it is not necessary that the specific cause of action alleged be connected with the defendant's business relationship to the forum.

█ If, however, the defendant's activities in the forum are not so pervasive as to justify the exercise of general jurisdiction over him, then

---

[3] Section 410.10 provides: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

jurisdiction depends upon the quality and nature of his activity in the forum in relation to the particular cause of action. In such a situation, the cause of action must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Thus, as the relationship of the defendant with the state seeking to exercise jurisdiction over him grows more tenuous, the scope of jurisdiction also retracts, and fairness is assured by limiting the circumstances under which the plaintiff can compel him to appear and defend.[4] The crucial inquiry concerns the character of defendant's activity in the forum, whether the cause of action arises out of or has a substantial connection with that activity, and upon the balancing of the convenience of the parties and the interests of the state in assuming jurisdiction. (*Hanson* v. *Denckla, supra,* 357 U.S. 235, 250-253 [2 L.Ed.2d 1283, 1295-1298]; *McGee* v. *International Life Ins. Co., supra,* 355 U.S. 220, 223 [2 L.Ed.2d 223, 226]; *Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d 893, 898-899; see 14 West's Annot. Code Civ. Proc. (1973 ed.) § 410.10, p. 459 [Deering's, Code Civ. Proc., § 410.10, p. 667], for the Judicial Council's extensive comment on the bases of jurisdiction.)

Applying these rules to the instant case, we conclude that defendant's activities in California are not so substantial or wide-ranging as to justify general jurisdiction over him to adjudicate all matters regardless of their relevance to the cause of action alleged by plaintiff.

*Perkins* and *Koninklijke L.M.* v. *Superior Court* (1951) 107 Cal.App.2d 495 [237 P.2d 297], illustrate the type of activity which has been held sufficient for the exercise of general jurisdiction. In *Perkins* the exercise of jurisdiction was premised on the fact that the defendant corporation had temporarily established virtually all of its administrative functions within the forum state while its overseas base of operations was controlled by a foreign power. In that circumstance the forum state could adjudicate a cause of action which was "entirely distinct from [those administrative] activities" within the state. *Koninklijke* involved a Dutch airline which was compelled to defend a suit arising from an airplane

---

[4]Functionally equivalent limitations that insure fairness to the defendant are achieved in other areas of the law of jurisdiction by placing limitations on the scope of the plaintiff's remedy. (See, e.g., *Estin* v. *Estin* (1948) 334 U.S. 541 [92 L.Ed. 1561, 68 S.Ct. 1213, 1 A.L.R.2d 1412] [holding that a divorce decree obtained in Nevada against a New York resident was valid, but that the decree could not affect a prior New York judgment awarding alimony to the defendant].)

accident in England. The defendant's substantial purchases of airplanes in California, some 30 local employees, and other local business operations were sufficient to warrant jurisdiction, even though the subject matter of the action was wholly unrelated to the business conducted by the corporation in California.[5]

In the present case, by contrast, defendant's activity in California consisted of some 20 trips a year into the state over the past 7 years to deliver and obtain goods, an independent contractor relationship with a local broker, and a Public Utilities Commission license. In our view, these contacts are not sufficient to justify the exercise of jurisdiction over defendant without regard to whether plaintiff's cause of action is relevant to California activity.[6]

We come, then, to an assessment of the relation between defendant's activities in California and the cause of action alleged by plaintiff. Our inquiry is directed to whether plaintiff's cause of action, based on an accident which resulted from defendant's allegedly tortious act in Nevada, arises out of or has a substantial connection with a business relationship defendant has purposefully established with California.

As we have seen, defendant has been engaged in a continuous course of conduct that has brought him into the state almost twice a month for seven years as a trucker under a California license. The accident occurred not far from the California border, while defendant was bound for this state. He was not only bringing goods into California for a local manufacturer, but he intended to receive merchandise here for delivery elsewhere. The accident arose out of the driving of the truck, the very activity which was the essential basis of defendant's contacts with this state. These factors demonstrate, in our view, a substantial nexus between plaintiff's cause of action and defendant's activities in California.

It is true that, because the accident occurred across the state line in Nevada, the connection is not as direct as in cases such as *McGee* v.

---

[5]*Fisher Governor Co.* v. *Superior Court* (1959) 53 Cal.2d 222 [1 Cal.Rptr. 1, 347 P.2d 1], is also instructive on this point. Mere sales activities in California were held insufficient to allow a nonresident to sue another nonresident in California for an injury suffered outside the state completely unrelated to the defendant's activities here.

[6]Plaintiff argues that the existence of the Public Utilities Commission license is alone sufficient to justify jurisdiction. However, the fact that defendant had such a license is not determinative but only one factor to consider in evaluating his relationship to this state.

*International Life Ins. Co., supra,* 355 U.S. 220, 223. However, we cannot overlook the fact that defendant's contacts with California, although insufficient to justify general jurisdiction over him, are far more extensive than those of the defendant in *McGee.*[7] The question of jurisdiction cannot be decided by the application of some precise formula. The seminal case of *Internat. Shoe Co.* v. *Washington, supra,* 326 U.S. 310, 319 [90 L.Ed. 95, 103-104], pointed out that it is not a question whether the defendant's activity within the state "is a little more or a little less." The court there rejected a rigid test in favor of a flexible approach grounded in the quality and nature of the activity of the defendant in the state seeking to exercise jurisdiction over him, fairness to the parties, and the orderly administration of the law. Under this principle, the exercise of jurisdiction over defendant would not violate the dictates of due process if the factors of convenience discussed below weigh in plaintiff's favor.[8]

We next consider whether it would be fair and reasonable to subject defendant to the jurisdiction of California in light of the inconvenience to him in defending an action in this state, when balanced against the interests of plaintiff in suing locally and of the state in assuming jurisdiction.

■ Preliminarily, we note plaintiff's assertion that we are precluded from considering the balance of these conveniences because defendant did not move to dismiss the action on the ground of *forum non conveniens.* (Code Civ. Proc., §§ 410.30, subd. (a), 418.10, subd. (a)(2).)

*Traveler's Health Assn.* v. *Virginia, supra,* 339 U.S. 643, *Buckeye,* and *Fisher* all indicate that at least in situations when, as here, justification for the exercise of jurisdiction is not obvious, the convenience of the

[7]*McGee* also involved a nonresident defendant over whom the forum did not have general jurisdiction. There, the defendant insurance company was required to defend an action in California, the state of plaintiff's residence, even though the insurer's sole contact with California was the solicitation of, and receipt of premiums for, the life insurance contract being sued on. It was held that, notwithstanding the attenuated nature of the relationship between defendant and California, the contract sued upon had a "substantial connection" to defendant's activities here and that California had an interest in providing effective redress for its residents when nonresident insurers refused to pay claims on insurance solicited here.

[8]Defendant relies on *Watson's Quality Turkey Products, Inc.* v. *Superior Court* (1974) 37 Cal.App.3d 360 [112 Cal.Rptr. 345], in arguing for a contrary result. The case is not apposite. In *Watson's* it was held that there was no jurisdiction over a nonresident corporation because its only relationship to the state was a subsidiary doing business in the state, approximately three years of sporadic business unrelated to the cause of action and rental of an office for a few months.

parties is a factor to be considered in determining whether it would be fair to exercise jurisdiction over a defendant who resides in another state. (See *Martin* v. *Detroit Lions, Inc.* (1973) 32 Cal.App.3d 472, 476 [108 Cal.Rptr. 23].)

In *Fisher* we listed some of the considerations involved in this balance: the relative availability of evidence and the burden of defense and prosecution in one place rather than another; the interest of a state in providing a forum for its residents or regulating the business involved; the ease of access to an alternative forum; the avoidance of a multiplicity of suits and conflicting adjudications; and the extent to which the cause of action arose out of defendant's local activities.

In the circumstances of this case the consideration weighing most strongly in favor of a California forum is the relative burden of defense and prosecution on defendant and plaintiff. Defendant states that Nevada is a convenient forum because the witnesses to the accident reside there. While some of the witnesses who will testify at the trial reside in Nevada, plaintiff was also a witness to the accident and she is a California resident. Moreover, there is evidence in California on the amount of plaintiff's damages; and from the perspective of a Nebraska resident faced with litigation outside his state, there is little difference in the burden between defending in Nevada or California. (Cf. *Fisher Governor Co.* v. *Superior Court, supra,* 53 Cal.2d 222, 226.) California has an interest in providing a forum since plaintiff is a California resident.

The interstate character of defendant's business is also significant in this balance. Defendant's operation, by its very nature, involves a high degree of interstate mobility and requires extensive multi-state activity. A necessary incident of that business was the foreseeable circumstance of causing injury to persons in distant forums. While the existence of an interstate business is not an independent basis of jurisdiction which, without more, allows a state to assert its jurisdiction, this element is relevant to considerations of fairness and reasonableness. The very nature of defendant's business balances in favor of requiring him to defend here. (See von Mehren & Trautman, *Jurisdiction to Adjudicate* (1966) 79 Harv.L.Rev. 1121, 1167-1169, note also the emphasis placed on doing a pervasive multi-state business in New York Civ. Practice Law and Rules § 302 (a)(3)(ii), discussed in Homburger & Laufer, *Expanding Jurisdiction* (1966) 16 Buffalo L.Rev. 68, 72.)

We conclude that, under all the circumstances, it would not offend due process to subject defendant to the jurisdiction of the California courts.

The judgment is reversed.

Wright, C. J., Tobriner, J., and Sullivan, J., concurred.

**CLARK, J.,** Dissenting.—The majority correctly concludes that defendant's activities within California are not sufficiently continuous or wide-ranging to subject him to its *general jurisdiction.* However, the majority incorrectly concludes that plaintiff's cause of action is sufficiently related to California activity to subject defendant to its *limited jurisdiction.*

California's power to compel a nonresident defendant to answer in its courts of law is limited by principles of due process. In essence, due process prohibits a state's assertion of jurisdiction where it would be unreasonable in light of the defendant's limited relation to the forum state. (See *Internat. Shoe Co.* v. *Washington,* 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057].)

Whether a defendant not subject to general jurisdiction of a state may nevertheless be subject to limited jurisdiction as to a particular cause of action within the confines of due process turns essentially upon three considerations: (1) whether the cause of action "arises from" or is otherwise "connected with" defendant's forum-related activities (*Buckeye Boiler Co.* v. *Superior Court,* 71 Cal.2d 893, 899 [80 Cal.Rptr. 113, 458 P.2d 57]); (2) the relative burdens upon the parties of trying the action in the forum state (*Travelers Health Assn.* v. *Virginia,* 339 U.S. 643, 649 [94 L.Ed. 1154, 1161-1162, 70 S.Ct. 927]); and (3) the interest of the forum state in assuming jurisdiction (*McGee* v. *International Life Ins. Co.,* 355 U.S. 220, 223 [2 L.Ed.2d 223, 226, 78 S.Ct. 199]).

Applying these three considerations to the facts at issue, the majority concludes that California may constitutionally assume jurisdiction over defendant as to plaintiff's cause of action. But let's look again.

1.  WHETHER PLAINTIFF'S CAUSE OF ACTION "ARISES FROM" DEFENDANT'S FORUM-RELATED ACTIVITIES

Plaintiff's cause of action is for wrongful death to her husband. Her action alleges a specific instance of negligent conduct in the operation of

a motor vehicle on a Nevada highway. Her cause of action in no sense "arises from" the fortuitous fact that defendant has been "engaged in a continuous course of conduct in California."

Defendant's continuous activity within California is relevant only to determining whether he is sufficiently "present" within the state to support an assertion of *general jurisdiction.* But the majority concedes defendant is not subject to general jurisdiction within California. The remaining issue then is whether defendant is subject to jurisdiction limited to *this cause of action.* As noted above, the appropriate test for "limited jurisdiction" focuses upon the *nexus* between the cause of action at issue and defendant's activities within the forum. The connection between plaintiff's cause of action and the fact that defendant has entered California twice a month for seven years is not shown by the majority, the latter fact being irrelevant to whether defendant was negligent in Nevada.

Equally irrelevant is the fact that "[h]e was not only bringing goods into California for a local manufacturer, but he intended to receive merchandise here for delivery elsewhere."[1]

The only conceivable connection between plaintiff's cause of action and defendant's activity inside California is that defendant was rolling toward (and plaintiff away from) its border. In this slight sense, the accident arguably "arose" from defendant's business in the state. However, the majority cites—and research has revealed—no authority supporting the conclusion that such a tenuous connection is sufficient to justify assertion of personal jurisdiction. In fact, the very decisions upon which the majority relies suggest the opposite. Every decision cited by the majority in which an exercise of limited jurisdiction was upheld is one in which the cause of action arose from or was substantially related to *defendant's activity within the forum state itself.*[2] In the case at issue,

---

[1]Such fact would be relevant to determining whether California could assert limited jurisdiction in, for example, a cause of action alleging defendant's fraud in dealing with local manufacturers. It simply is not relevant to an action alleging negligent driving in Nevada.

[2]*McGee* v. *International Life Ins. Co., supra,* 355 U.S. 220 (cause of action for breach of contract where defendant solicited and delivered insurance policy within forum state); *Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d 893 (cause of action for personal injuries resulting from alleged defect in defendant's product, where defendant marketed such products in forum by direct and indirect sales to forum buyers); *Internat. Shoe Co.* v. *Washington, supra,* 326 U.S. 310 (cause of action for tax contributions based upon wages defendant paid employees working within forum state); *Travelers Health Assn.* v. *Virginia, supra,* 339 U.S. 643 (cause of action for "cease and desist" order against

every event relevant to plaintiff's cause of action occurred in Nevada. To the extent decisions cited by the majority suggest a single rule, it is one that requires the cause of action relate in some manner to activity defendant has taken *within the forum.* The application of this rule to the facts at issue requires denial of California jurisdiction.

## 2.   RELATIVE BURDENS UPON THE PARTIES IN TRYING THE ACTION IN THE FORUM STATE

Excepting plaintiff herself, witnesses to the accident reside in Nevada. In addition, police and medical information as well as physical evidence repose in Nevada. Thus, trying this action in California places a heavy and expensive burden upon defendant in the presentation of his defense.

The majority claims "there is little difference in the burden between defending in Nevada or California" to a "Nebraska resident faced with litigation outside his state." This is untrue. The burden on defendant will be significantly increased if he is required to litigate in California when virtually all of the evidence relevant to his defense is located in Nevada. Further, he may be denied the ability to obtain witnesses necessary to the defense. Finally, the mere fact that a defendant who engages in "multi-state activity" may reasonably "expect litigation in distant forums" does not mean he must remain neutral as among the jurisdictions in which he may be required to litigate. Were this otherwise, such defendant would be vulnerable to artful forum shopping.

A second consideration in assessing burdens attendant to trying an action in the forum state is the ease of access to the alternative forum. (See *Fisher Governor Co.* v. *Superior Court,* 53 Cal.2d 222, 225.) But the majority makes no argument that plaintiff would be burdened by having to travel to Nevada to litigate her claim. Such argument would be difficult in light of Nevada's proximity to plaintiff's residence.

Consideration of relative burdens upon plaintiff and defendant resulting from trying this action in California as opposed to Nevada thus clearly suggests Nevada as the more appropriate jurisdiction.

---

defendant soliciting "mail-order" insurance contracts among forum residents); *Martin* v. *Detroit Lions, Inc.,* 32 Cal.App.3d 472 [108 Cal.Rptr. 23] (breach of contract cause of action where defendant "scouted," recruited and signed contract in forum state).

### 3. CALIFORNIA'S INTEREST IN ASSUMING JURISDICTION

The majority asserts—without explanation—that "California has an interest in providing a forum since plaintiff is a California resident."

A forum's interest in assuming jurisdiction is a factor often weighed in determining whether jurisdiction may be exercised within the constraints of due process. However, a forum's interest is generally based upon much more than plaintiff's mere residence within the forum state. The reasoning of *McGee* v. *International Life Ins. Co., supra,* 355 U.S. 220, 223 [2 L.Ed.2d 223, 226], upon which the majority relies, is illustrative: "The contract was delivered in California, the premiums were mailed from there and the insured was a resident of that State when he died. It cannot be denied that California has a manifest interest in providing effective means of redress for its residents when their insurers refuse to pay claims. These residents would be at a severe disadvantage if they were forced to follow the insurance company to a distant State in order to hold it legally accountable. When claims were small . . . claimants frequently could not afford the cost of bringing an action in a foreign forum . . . ."

Plaintiff's circumstances here, and California's resultant interests in providing a forum, are manifestly distinguishable from *McGee.* Defendant did not engage in any California activity giving rise to the cause of action; rather, plaintiff voluntarily left her state and became involved in a Nevada accident. Further, plaintiff has made no showing she would be at a "severe disadvantage" if required to litigate in Nevada. Finally, the substance of plaintiff's claim *is* obviously sufficient to justify the costs of Nevada litigation.

Our busy courts should have little interest in assuring each resident who leaves the state that he may return to litigate every wrong incurred in his travels. The day of the flag following one to Tripoli has passed.

It is plaintiff's burden to prove facts of jurisdiction by a preponderance of evidence. (*Arnesen* v. *Raymond Lee Organization, Inc.,* 31 Cal.App.3d 991, 995 [107 Cal.Rptr. 744].) Plaintiff has failed to do so.

The judgment should be affirmed.

McComb, J., and Richardson, J., concurred.