[Civ. No. 52755. Second Dist., Div. One. Sept. 13, 1978.]

MESSERSCHMIDT DEVELOPMENT COMPANY, INC., et al.,
Plaintiffs and Appellants, v.
CRUTCHER RESOURCES CORPORATION et al.,
Defendants and Respondents.

822

COUNSEL

Kirsch, Arak & Bulmash, Jay S. Bulmash and Stephen J. Snipper for Plaintiffs and Appellants.

Gibson, Dunn & Crutcher, Martin C. Washton and Kenneth D. Hoffman for Defendants and Respondents.

**OPINION**

**LILLIE, Acting P. J.**—The complaint of plaintiff corporation[1] sets forth three causes of action—the first for cancellation and the second for rescission of a settlement agreement and promissory note, and the third for declaratory relief respecting defendants' claim for compensation which had given rise to the settlement and note. Named as defendants were Adrian Wilson, Crutcher Resources Corporation (Crutcher), D. H. Hartmann, Eric Gohl, S. C. Oliphant, and D. E. Gresset. Gresset and Hartmann are former employees of Crutcher. Gohl and Oliphant are current employees, residents of England. All defendants save for Wilson,

---

[1]Plaintiff Messerschmidt Development Co., Inc., (MDC Inc.) is a California corporation with its principal place of business in this state. Plaintiff Messerschmidt Development Co., Inc., Ltd. (MDC Ltd.) is a Cayman Island corporation with its principal place of business in Lagos, Nigeria.

a California resident, were served with summons and complaint by certified mail sent to Crutcher's headquarters in Houston, Texas. These defendants, except Wilson, moved to quash service of summons for lack of personal jurisdiction or, in the alternative, to dismiss the action on the ground of inconvenient forum.[2] The motion to quash was granted. Plaintiffs moved for reconsideration. Motion for reconsideration was granted, but the motion to quash was again granted. Plaintiffs appeal.[3] We affirm the order.

A California court may exercise judicial jurisdiction over nonresidents on any basis not inconsistent with the United States or the California Constitutions (Code Civ. Proc., § 410.10). ■ "If a nonresident defendant's activities may be described as 'extensive or wide-ranging' [citation] or 'substantial . . . continuous and systematic' [citation], there is a constitutionally sufficient relationship to warrant jurisdiction for all causes of action asserted against him" (*Cornelison* v. *Chaney,* 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264]), economic presence within the state being equated with physical presence for jurisdictional purposes (*Ratcliffe* v. *Pedersen,* 51 Cal.App.3d 89, 97 [123 Cal.Rptr. 793]). **(2)** Declarations in support of the motion to quash show that Crutcher is a corporation duly organized and existing under the laws of Delaware, with its principal place of business and home office in Houston, Texas. Crutcher is not authorized to do business in California and does not regularly do business in this state; it has never owned or possessed any property nor had an office or agent located here. Plaintiffs do not dispute these facts except insofar as they attempt to characterize Adrian Wilson as an agent for Crutcher with respect to the transaction to be discussed. Thus it appears that Crutcher is not, on the basis of its economic activity, "present" in this state so as to render it amenable to suit for all causes of action.[4] Rather, if jurisdiction is to be asserted it

---

[2]Defendants also challenged the adequacy of service. Plaintiffs conceded that as to those defendants who were not employees of Crutcher at the time the summons was served, that is, Gresset and Hartmann, the objection to service by mail delivered to Crutcher was well taken. As to these persons, then, there was an independent basis for quashing service.

[3]Plaintiffs purport to appeal from both the original order and that entered upon reconsideration. We take the appeal to be from the latter order which had the effect of superseding the former.

[4]Even if Crutcher were "present" in California this would not necessarily confer jurisdiction over Crutcher's nonresident employees. (*Flick* v. *Exxon Corp.* 58 Cal.App.3d 212, 215-220 [129 Cal.Rptr. 760]; see *Arnesen* v. *Raymond Lee Organization, Inc.* 31 Cal.App.3d 991, 996 [107 Cal.Rptr. 744].) Our discussion proceeds in terms of jurisdiction

must be on the basis of "minimum contacts." ■ "[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " (*Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 102, 66 S.Ct. 154, 161 A.L.R. 1057].) ■ Whether there are such contacts depends upon the quality and nature of the defendant's activity in the forum in relation to the particular cause of action asserted. (*Buckeye Boiler Co.* v. *Superior Court,* 71 Cal.2d 893, 899 [80 Cal.Rptr. 113, 458 P.2d 57].) The cause of action must arise out of an act done or transaction consummated in the forum, or defendant must have performed some other act by which he has purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. (*Cornelison* v. *Chaney, supra,* 16 Cal.3d 143, 148.)

■ Where a defendant properly moves to quash out-of-state service for lack of jurisdiction, the burden is upon the plaintiff to establish the facts of jurisdiction by a preponderance of the evidence. (*Arnesen* v. *Raymond Lee Organization, Inc., supra,* 31 Cal.App.3d 991, 995.) ■ When the evidence of jurisdictional facts, which may be in the form of declarations, is in conflict the trial court's resolution thereof will not be disturbed if supported by substantial evidence. (*Wilson* v. *Eddy,* 2 Cal.App.3d 613, 617-618 [82 Cal.Rptr. 826]; *Atkins, Kroll & Co.* v. *Broadway Lbr. Co.,* 222 Cal.App.2d 646, 654 [35 Cal.Rptr. 385, 12 A.L.R.3d 880].) On review of an order granting a motion to quash, the facts must be viewed most favorably to the defendant. (*Belmont Industries, Inc.* v. *Superior Court,* 31 Cal.App.3d 281, 283 [107 Cal.Rptr. 237]; *Vibration Isolation Products, Inc.* v. *American Nat. Rubber Co.,* 23 Cal.App.3d 480, 482 [100 Cal.Rptr. 269].)

■ While the complaint, verified by counsel on behalf of plaintiffs, alleges that the settlement agreement and note were executed in California, this is contradicted on the face of the documents, each of which recites "Executed in Houston, Texas, USA" immediately above the signatures; this recital is presumed to be true (see Evid. Code, § 622; *Gas App. S. Co.* v. *W. B. Bastian Mfg. Co.,* 87 Cal.App. 301, 305 [262 P. 452]).

over Crutcher inasmuch as plaintiffs have made no attempt to show that there is any basis for jurisdiction over the individual moving defendants other than their relationship to Crutcher.

Furthermore, the declarations of Wilson, Hartmann, Oliphant, and Lee W. Wiley, secretary and treasurer of Crutcher, state that none of the circumstances or events surrounding the negotiation and performance of the settlement agreement occurred within California.

 Plaintiffs' invocation of the minimum contacts doctrine rests instead on the involvement of Adrian Wilson, characterized as an employee/agent or independent representative of Crutcher, in the events briefly described in the cause of action for declaratory relief out of which eventually arose the settlement agreement and promissory note. It is alleged that in 1973 negotiations and discussions were held between MDC Inc. and defendants concerning the possibility of a joint venture in Nigeria. Efforts were made by MDC Inc. to establish the basis for such a joint venture, namely a contract with the Federal Housing Authority of the Federal Republic of Nigeria. Such a contract was entered into; it is now between MDC Ltd. and the Federal Housing Authority. Prior to the awarding of the contract MDC Inc. proposed a joint venture to defendants but defendants declined.

It appears from the declarations that Adrian Wilson was the person who initiated the discussions with respect to a joint venture housing project in Nigeria. He put MDC Inc. in contact with Crutcher and its employees. There is no question that Wilson's activities within California relating to this project were numerous. But unless these contacts are imputable to Crutcher, Crutcher had no contacts with this state. It appears that all discussions with admitted Crutcher employees took place outside California.

Plaintiffs point to a number of factors which they believe lead to the conclusion that Wilson was an employee/agent of Crutcher—his expenses and those of a representative of MDC Inc. for a trip to Nigeria were paid by Crutcher, they stayed in Crutcher's guest house there and met with Crutcher employees, Crutcher paid for certain of Wilson's equipment, and he was paid a salary.[5] But all of these factors, except for the salary, are consistent with Wilson's status as an independent architectural consultant. Wilson was an architect. He described his primary business in 1973-1975 as "trying to develop projects." Also during this time he was periodically employed by Crutcher as a

---

[5]Certain letters from Wilson to Crutcher relating to compensation referred to a "salary." Wilson could not account for the use of this term other than to explain that the letters were prepared by his accountant.

consultant with respect to various projects in which it was interested. According to the declaration of D. H. Hartmann, who was Crutcher's president at the time, in late 1973 or early 1974 Wilson was so retained to evaluate the need of the Nigerians for modular housing which Crutcher proposed to construct. Crutcher's secretary-treasurer avers that while Wilson was paid for services and expenses he was never an employee of Crutcher; he was never on the payroll, never filled out any federal income tax forms for Crutcher's use, and each of his checks was individually approved and manually drawn. Hartmann states that Wilson always acted as an outside independent consultant, that he was not an employee, and had no authority to speak on behalf of Crutcher. Wilson's declaration denies that he ever conducted negotiations with respect to the Nigerian project as agent or representative of Crutcher, or that he ever represented himself to Messerschmidt as an employee of Crutcher. He declares that he, Crutcher, and Richard Messerschmidt, then president of MDC Inc., always understood that each was an individual contracting party; copies of certain documents, proposed corporate schemes and a letter from Messerschmidt, support this declaration.

As against this, plaintiffs erect a straw man. They say that Wilson portrays himself as a finder putting Crutcher in touch with MDC Inc., proceed to argue he was not a finder and conclude that he was therefore an agent of Crutcher. However, it is apparent that Wilson did not regard himself and was not regarded by the other parties as a mere finder. On the contrary, Wilson makes it abundantly clear that he expected to participate in the project along with MDC Inc. and Crutcher. Wilson's reference to a finder's fee in one declaration relates rather to compensation for efforts related to MDC Inc.'s eventual acquisition of the contract after the possibility of a cooperative venture had disappeared.[6]

Plaintiffs assert that even if Wilson was not an agent of Crutcher he was, in any case, an independent representative and that this status results in Crutcher's having minimum contacts with California. ▐ It is true that sales and sales promotion within the state by an independent

---

[6]Plaintiffs suggest that Wilson was at least the ostensible agent of Crutcher. Assuming such an ostensible agency would be sufficient to confer jurisdiction over Crutcher, nevertheless the opposition to the motion to quash contains nothing to show (1) that any of Crutcher's actions would reasonably lead MDC Inc. to regard Wilson as Crutcher's agent or (2) that MDC Inc. did in fact regard Wilson as Crutcher's agent and deal with him as such. (See Civ. Code, § 2334; *Hill* v. *Citizens Nat. Trust & Sav. Bk.,* 9 Cal.2d 172, 176 [69 P.2d 853].)

nonexclusive sales representative may be enough to confer jurisdiction for causes of action related to such activities within the state. (See *Cosper v. Smith & Wesson Arms Co.,* 53 Cal.2d 77, 80-81 [346 P.2d 409]; *Foster* v. *Mooney Aircraft Corp.,* 68 Cal.App.3d 887, 892-893 [137 Cal.Rptr. 694]; *Regie Nationale Des Usines Renault* v. *Superior Court,* 208 Cal.App.2d 702, 703 [25 Cal.Rptr. 530].) But these cases are inapposite. ■■ There is nothing in the record indicating that Wilson was retained other than as an independent architectural consultant; nowhere does it appear that Wilson was the medium through which Crutcher conducted business in California, even if one accepts Messerschmidt's statement that Wilson requested him to prepare a bid for an African subsidiary of Crutcher for the construction of 3,000 prefabricated homes.

On the evidence the court could reasonably conclude that Wilson's activities within California were not imputable to Crutcher. In the absence of other contacts relating to the matters on which suit was brought the motion to quash service of summons was properly granted. ■■ That being so, it is not necessary to undertake the additional process of balancing the inconvenience of defending the action in this state against the interests of plaintiffs in suing locally and of the state in assuming jurisdiction. (See *Sibley* v. *Superior Court,* 16 Cal.3d 442, 448 [128 Cal.Rptr. 34, 546 P.2d 322]; *Cornelison* v. *Chaney, supra,* 16 Cal.3d 143, 150-151.)

■■ The order is affirmed.

Thompson, J., and Hanson, J., concurred.