[No. C000942. Third Dist. July 3, 1987]

R. DOUGLAS ALEXANDER et al., Plaintiffs and Appellants, v. ROLLIN HEATER et al., Defendants and Respondents.

COUNSEL

Richard C. Watters, William J. Seiler and Miles, Sears & Eanni for Plaintiffs and Appellants.

William J. Schmidt and Bailey & Brown for Defendants and Respondents.

OPINION

EVANS, Acting P. J.—This is an appeal from an order[1] granting the defendants' motion to quash service of summons for lack of jurisdiction in this action for personal injury, negligent infliction of emotional distress, and loss of consortium. The plaintiffs contend that the defendants, Rollin and David Heater, are subject to personal jurisdiction in California because they caused the plaintiffs' injury to occur in California by their acts in Oregon. We do not agree and shall affirm the order.

## FACTS AND PROCEDURAL BACKGROUND

On February 24, 1986, plaintiff R. Douglas Alexander (Alexander) had his right hand crushed during the malfunction of a lift gate on a 1980 Mercedes Benz truck. The accident occurred in California while Alexander was using the truck to move his wife and daughter from Oregon to California.

The truck was owned by defendant R. L. Riemenschneider Enterprises Co. (Riemenschneider), an Oregon corporation. The lift gate was installed on the Mercedes Benz truck in Oregon by Rollin Heater, an employee of Riemenschneider acting in the course and scope of his employment. Rollin Heater was assisted in installing the lift gate by his son David Heater.

This action to recover for his personal injuries was commenced by Alexander against the Heaters and Riemenschneider, among others. Alexander's wife, Lynne, and his daughter, Randi, seek to recover for negligent infliction of emotional distress. Lynne also seeks to recover for loss of consortium.

Rollin and David Heater, who are residents of Oregon, were served in Oregon with the summons and complaint.[2] The Heaters moved to quash

---

[1] An order granting a motion to quash service of summons is an appealable order. (Code Civ. Proc., § 904.1, subd. (c).)

[2] The record does not show where Rollin and David Heater were served with the summons. In his brief Alexander states that both Heaters were served in Oregon.

service of summons on them for lack of jurisdiction. Their motions were granted. This appeal follows.

### DISCUSSION

Code of Civil Procedure section 410.10 provides: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."

In a significant line of cases beginning with *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057], the United States Supreme Court has defined the parameters of the power of the states to compel nonresidents to defend suits brought against them in the state's courts. (*Hanson* v. *Denckla* (1958) 357 U.S. 235 [2 L.Ed.2d 1283, 78 S.Ct. 1228]; *McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]; *Perkins* v. *Benguet Mining Co.* (1952) 342 U.S. 437 [96 L.Ed. 485, 72 S.Ct. 413]; *Travelers Health Assn.* v. *Virginia* (1950) 339 U.S. 643 [94 L.Ed. 1154, 70 S.Ct. 927].)    ■    These cases hold, as a general constitutional principle, that a court may exercise personal jurisdiction over a nonresident defendant as long as the defendant has such minimum contacts with the forum that the maintenance of the suit does not offend " 'traditional notions of fair play and substantial justice.' " (*Internat. Shoe Co.* v. *Washington, supra,* 326 U.S. at p. 316 [90 L.Ed. at p. 102]; *Secrest Machine Corp.* v. *Superior Court* (1983) 33 Cal.3d 664, 668 [190 Cal.Rptr. 175, 660 P.2d 399].)

If a nonresident's activities can be described as "extensive or wide-ranging" (*Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893, 898-899 [80 Cal.Rptr. 113, 458 P.2d 57]) or "substantial . . . continuous and systematic" (*Perkins* v. *Benguet Mining Co., supra,* 342 U.S. at pp. 447-448 [96 L.Ed. at pp. 493-494]), there is a constitutionally sufficient relationship to warrant jurisdiction for all causes of action against him, regardless of whether the specific cause of action is connected to the defendant's business activities in the forum. (*Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].)

Less extensive activity in the forum state may support jurisdiction for the purposes of a particular cause of action depending upon the nature and quality of the defendant's activities in the forum in relation to the particular cause of action, and the balance between the convenience of the parties and the interest of the state in asserting jurisdiction. (*Secrest Machine Corp.* v. *Superior Court, supra,* 33 Cal.3d at p. 669.) "In such a situation, the cause of action must arise out of an act done or transaction consummated in the forum, or defendant must perform some other act by which he purposefully

avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. Thus, as the relationship of the defendant with the state seeking to exercise jurisdiction over him grows more tenuous, the scope of jurisdiction also retracts, and fairness is assured by limiting the circumstances under which the plaintiff can compel him to appear and defend. The crucial inquiry concerns the character of defendant's activity in the forum, whether the cause of action arises out of or has a substantial connection with that activity, and upon the balancing of the convenience of the parties and the interests of the state in assuming jurisdiction. [Citations.]" *Cornelison* v. *Chaney, supra,* 16 Cal.3d at p. 148; fn. omitted.)

■ Alexander contends the Heaters are subject to personal jurisdiction in this state because they caused his injury to occur here by their acts in Oregon. ■ The courts of this state have recognized that jurisdiction may be exercised over one who causes an effect in this state by an act or omission done elsewhere with respect to causes of action arising from the effect if the effect in this state could reasonably have been anticipated. (*Secrest Machine Corp.* v. *Superior Court, supra,* 33 Cal.3d at pp. 669-670; see Judicial Council com., 14 West's Ann. Code Civ. Proc. (1973 ed.) § 410.10, pp. 473-474.)

However, the foreseeability that a product will enter this state is not itself a sufficient basis for the assertion of jurisdiction over a defendant. (*World-Wide Volkswagen Corp.* v. *Woodson* (1980) 444 U.S. 286, 297-298 [62 L.Ed.2d 490, 501-502, 100 S.Ct. 559]; *Secrest Machine Corp.* v. *Superior Court, supra,* 33 Cal.3d at p. 670.) The foreseeability that is critical to the constitutional analysis is not the mere likelihood that a product will find its way into this state, but that the defendant's conduct and connection with this state are such that he should reasonably anticipate being sued here. (*World-Wide Volkswagen Corp.* v. *Woodson, supra,* 444 U.S. at p. 297 [62 L.Ed.2d at pp. 501-502].)

■ Since the Heaters were not served with process in California, have not consented to the exercise of personal jurisdiction, and are not in a status relationship with the state upon which personal jurisdiction can be based, personal jurisdiction, if it exists, must be found from the activity of the Heaters so connected with California as to satisfy constitutional requirements. (*Arnesen* v. *Raymond Lee Organization, Inc.* (1973) 31 Cal.App.3d 991 [107 Cal.Rptr. 744]; Gorfinkel & Lavine, *Long-Arm Jurisdiction in California Under New Section 410.10 of the Code of Civil Procedure* (1970), 21 Hastings L.J. 1163, 1170.)

■ In reviewing the order granting the motion to quash service of the summons, we test the record in light of the principles that: (1) where a

defendant properly moves to quash out-of-state service of process for lack of jurisdiction, the burden of proof is upon the plaintiff to establish the facts of jurisdiction by a preponderance of the evidence (*Arnesen* v. *Raymond Lee Organization, Inc., supra,* 31 Cal.App.3d at p. 995); (2) evidence of those facts or their absence may be in the form of declarations (*ibid.*); and (3) where there is a conflict in the declarations, resolution of the conflict by the trial court will not be disturbed on appeal if the determination of that court is supported by substantial evidence. (*Ibid.*)

According to Rollin Heater's declaration he is a lifelong resident of Oregon; he has never lived in California and owns no property or bank accounts in California. Rollin Heater operates a sole proprietorship in Oregon known as Heater Enterprises. He has no offices or employees in California. Rollin Heater has never engaged in advertising calculated to reach the California market.

Rollin Heater has family, friends, and a customer in California. He has made occasional trips to California driving trucks and hauling heavy equipment for Riemenschneider. Although Rollin knew that the truck upon which the lift was installed was destined for California before Alexander picked it up, he could not recall if he knew it was destined for California before he installed the lift gate.

David Heater is also a lifelong resident of Oregon. He owns no real or personal property in California. He is self-employed, doing business as Cascade Welding. All of his business as Cascade Welding is done in Oregon; he has no offices or employees in the State of California; he does no advertising calculated to reach the California market.

David Heater's sole contacts with California, other than vacations, consist of approximately 10 weeks of temporary employment here in 1985 and 1986. At the time David assisted his father install the lift gate on the truck, David did not know that the truck was destined for California.

Even were we to assume the Heaters could reasonably anticipate that the truck would be transported to this state, substantial evidence supports an implied finding by the trial court that Rollin and David Heater's contacts with this state are of such a minimal nature that they could not reasonably have foreseen being sued in this state with respect to their installation of the lift gate in Oregon. Thus, it would not be fair or reasonable to exercise jurisdiction over them.

Plaintiffs assert, however, that the balance is tipped heavily in their favor because they are California residents and the injury occurred in California.

Once the court determines that the defendant has the requisite "minimum contacts" with this state, it must then consider whether it would be fair and reasonable for a California court to exercise jurisdiction. (*Secrest Machine Corp.* v. *Superior Court, supra,* 33 Cal.3d at p. 672.) The convenience to the plaintiff, inconvenience to the defendant, and the interest of California in providing a local forum are all relevant to determining whether jurisdiction is constitutionally permissible. (*Cornelison* v. *Chaney, supra,* 16 Cal.3d at pp. 150-151.)

Under the circumstances of this case, we have concluded that the Heaters do not have "minimum contacts" with this state. Without "minimum contacts" the interests of the plaintiffs alone, or of the state in providing a local forum, do not warrant the imposition of jurisdiction over these defendants.

The order is affirmed.

Blease, J., and Sparks, J., concurred.