Filed 4/16/13  Darley International v. SDRC CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DARLEY INTERNATIONAL, LLC,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SDRC INC.,<br><br>    Defendant and Respondent. | B240707<br><br>(Los Angeles County<br>Super. Ct. No. BS121441) |

APPEAL from an order of the Superior Court of Los Angeles County,

Abraham Khan, Judge.  Affirmed.

Blecher & Collins, Maxwell M. Blecher, Jennifer S. Elkayam and Majed Dakak

for Plaintiff and Appellant.

Law Office of Scott M. Schutz, Scott M. Schutz; Siegel, Barnett & Schutz and

Julie Dvorak for Defendant and Respondent.

Darley International, LLC (Darley) filed a petition to compel SDRC Inc., a nonresident corporation, to arbitrate in California. The trial court granted SDRC Inc.'s motion to quash service of summons based on lack of personal jurisdiction and denied the petition to compel arbitration. Darley appeals challenging both rulings.

Darley contends (1) SDRC Inc. has sufficient contacts with California to justify the exercise of personal jurisdiction in this state; (2) SDRC Inc. is subject to personal jurisdiction in California as a successor to the South Dakota International Business Institute (SDIBI) or based on agency principles or the representative services doctrine; and (3) SDRC Inc. is bound by an arbitration clause in a written agreement despite being a nonsignatory to the agreement. We conclude that Darley has shown no error and will affirm the order.

## FACTUAL AND PROCEDURAL BACKGROUND

1.    *Factual Background*

SDIBI was created by the South Dakota Board of Regents in 1994 as an administrative unit of Northern State University in Aberdeen, South Dakota. SDIBI promoted export activities and foreign investment in South Dakota. SDRC Inc. was incorporated in South Dakota in January 2008 by Joop Bollen, who was then SDIBI's director.

Darley provides international business services to clients worldwide. Darley's principal place of business is in Orinda, California. Hanul Professional Law Corporation (Hanul) is a law firm with offices in Los Angeles, California and Seoul, South Korea.

2

The federal government, in April 2004, designated the SDIBI's Dairy Economic Benefit Region as a regional center for purposes of a program offering permanent residency to foreign nationals who invest in businesses and create jobs in South Dakota. SDIBI later requested permission from the federal government to change the name of the regional center to South Dakota Regional Center.

Hanul assisted SDIBI by contracting with Darley to provide services for the benefit of SDIBI. Hanul and Darley entered into a written Overseas Recruitment and Service Agreement (Agreement) in October 2007 in which Darley agreed to engage in marketing efforts to find foreign investors for certain projects in South Dakota in connection with the immigration program. The Agreement included an arbitration clause.

Darley made efforts to find investors in China for a fish farming project in South Dakota. SDIBI later canceled the project in December 2007. SDRC Inc. was established in January 2008, as stated. SDIBI and SDRC Inc. entered into a Memorandum of Understanding in January 2008 providing for SDRC Inc. to engage in marketing efforts to find foreign investors for projects in South Dakota in connection with the immigration program.

Darley served a demand for arbitration on both Hanul and SDIBI in March 2008 stating that the dispute concerned a breach of the Agreement. Hanul agreed to arbitrate, but SDIBI as a nonsignatory to the Agreement refused.

3

2.	*Federal Court Proceedings*

Darley filed a petition in the United States District Court for the Central District of California in July 2008 to compel SDIBI to arbitrate the dispute. The federal court granted the petition in October 2008. SDIBI filed a motion to vacate the order in March 2008 on the grounds that SDIBI was immune from suit in federal court under the Eleventh Amendment. Darley voluntarily dismissed its petition without prejudice in June 2009.

3.	*Trial Court Proceedings*

Darley filed a petition in the Los Angeles Superior Court July 2009 to compel SDIBI to participate in the arbitration. South Dakota Board of Regents, as the legal entity operating SDIBI, opposed the petition. After a hearing on the petition, the trial court granted the petition in June 2010. The court concluded that Hanul had acted as SDIBI's ostensible agent in entering into the Agreement and that SDIBI or the Board of Regents had ratified the Agreement and therefore was bound by the arbitration clause.

Darley filed another petition in the same proceeding in September 2011 to compel SDRC Inc. to participate in the arbitration. Darley alleges that it conducted seminars in China in an effort to attract investors in the fish farming project, and that SDIBI failed to support those efforts and later canceled the project. It alleges that SDRC Inc. was created to exploit the progress made by Darley and to avoid paying Darley any fees. It alleges that SDIBI induced Hanul to breach the Agreement and that this is the dispute subject to arbitration.

4

Darley further alleges that SDRC Inc., rather than SDIBI, now operates the regional center and that SDIBI is inactive. Darley alleges that Bollen, SDIBI's former director, is president of SDRC Inc. and that SDRC Inc. is, in practical effect, the successor in interest to SDIBI. Darley filed a memorandum of points and authorities, a declaration by its counsel and exhibits in support of the petition.

SDRC Inc. filed a motion to quash service of summons based on lack of personal jurisdiction (Code Civ. Proc., § 418.10, subd. (a)(1)). It also opposed the petition, arguing that SDIBI still exists, that SDRC Inc. is not its successor in interest and that there is no basis to compel SDRC Inc. as a nonsignatory to the Agreement to arbitrate. SDRC Inc. also filed an objection to the entire petition as evidence on the grounds of hearsay, lack of personal knowledge and speculation.

The trial court granted the motion to quash and denied the petition to compel arbitration in a minute order filed on April 6, 2012, stating, "The Court finds that Respondent lacks minimum contacts with California, and is an entity separate from the signatory without an alter-ego, agency or successor relationship." The court also sustained SDRC Inc.'s evidentiary objection. Darley timely appealed the order.[1]

### CONTENTIONS

Darley contends (1) SDRC Inc. has sufficient contacts with California to justify the exercise of personal jurisdiction in this state; (2) SDRC Inc. is subject to personal

---

[1] An order granting a motion to quash service of summons is appealable, as is an order denying a petition to compel arbitration. (Code Civ. Proc., §§ 904.1, subd. (a)(3), 1294.)

5

jurisdiction in California as a successor to SDIBI or based on agency principles or the representative services doctrine; and (3) SDRC Inc. is bound by the arbitration clause in the Agreement despite being a nonsignatory.[2]

## *DISCUSSION*

1.     *Constitutional Limits on the Exercise of Personal Jurisdiction*

"A California court may exercise personal jurisdiction over a nonresident defendant to the extent allowed under the state and federal Constitutions. (Code Civ. Proc., § 410.10.) The exercise of personal jurisdiction is constitutionally permissible only if the defendant has sufficient 'minimum contacts' with the forum state so that the exercise of jurisdiction 'does not offend "traditional notions of fair play and substantial justice." [Citations.]' (*Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 66 S.Ct. 154]; accord, *Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 268, [127 Cal.Rptr.2d 329, 58 P.3d 2] (*Pavlovich*).) In other words, the defendant's contacts with the forum state must be such that the defendant had ' "fair warning" ' that its activities might subject it to personal jurisdiction in the state. (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472 [85 L.Ed.2d 528, 105 S.Ct. 2174] (*Burger King*); accord, *World–Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 297 [62 L.Ed.2d 490, 100 S.Ct. 559].) 'In judging minimum contacts, a court properly focuses on "the relationship among the defendant, the forum, and the litigation."

---

**2**     Darley does not challenge on appeal the sustaining of SDRC Inc.'s evidentiary objection. We therefore will not consider as evidence the factual allegations in the petition.

6

[Citations.]' (*Calder v. Jones* (1984) 465 U.S. 783, 788 [79 L.Ed.2d 804, 104 S.Ct. 1482].) 'Each defendant's contacts with the forum State must be assessed individually.' (*Id.* at p. 790.)

"A defendant that has substantial, continuous, and systematic contacts with the forum state is subject to general jurisdiction in the state, meaning jurisdiction on any cause of action. (*Perkins v. Benguet Mining Co.* (1952) 342 U.S. 437, 445–446 [96 L.Ed. 485, 72 S.Ct. 413]; see *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445 [58 Cal.Rptr.2d 899, 926 P.2d 1085] (*Vons*).) Absent such extensive contacts, a defendant may be subject to specific jurisdiction, meaning jurisdiction in an action arising out of or related to the defendant's contacts with the forum state. (*Helicopteros Nacionales de Columbia v. Hall* (1984) 466 U.S. 408, 414, fn. 8 [80 L.Ed.2d 404, 104 S.Ct. 1868]; *Vons*, *supra*, 14 Cal.4th at p. 446.) Specific jurisdiction depends on the quality and nature of the defendant's forum contacts in relation to the particular cause of action alleged. (*Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147–148 [127 Cal.Rptr. 352, 545 P.2d 264].)

"A nonresident defendant is subject to specific personal jurisdiction only if (1) the defendant purposefully availed itself of the benefits of conducting activities in the forum state; (2) the controversy arises out of or is related to the defendant's forum contacts; and (3) the exercise of jurisdiction would be fair and reasonable. (*Burger King*, *supra*, 471 U.S. at pp. 472, 475–478; *Pavlovich*, *supra*, 29 Cal.4th at p. 269.) 'These guidelines are not susceptible of mechanical application, and the jurisdictional rules are not clear-cut. Rather, a court must weigh the facts in each case to determine

7

whether the defendant's contacts with the forum state are sufficient.  (*Burger King*, [*supra*, 471 U.S.] at pp. 478–479, 486, fn. 29 [105 S.Ct. at pp. 2185–2186, 2189–2190]; *Kulko v. California Superior Court* (1978) 436 U.S. 84, 89, 92 [56 L.Ed.2d 132, 98 S.Ct. 1690, 1695, 1696–1697]; *Vons*[, *supra*, 14 Cal.4th] at p. 450.)' (*Bridgestone Corp. v. Superior Court* (2002) 99 Cal.App.4th 767, 774 [121 Cal.Rptr.2d 673].)" (*HealthMarkets, Inc. v. Superior Court* (2009) 171 Cal.App.4th 1160, 1166-1167 (*HealthMarkets*).)

" ' "The purposeful availment inquiry . . . focuses on the defendant's intentionality.  [Citation.]  This prong is only satisfied when the defendant purposefully and voluntarily directs [its] activities toward the forum so that [it] should expect, by virtue of the benefit [it] receives, to be subject to the court's jurisdiction based on" [its] contacts with the forum.' (*Pavlovich*, *supra*, 29 Cal.4th at p. 269, quoting *U.S. v. Swiss American Bank, Ltd.* (1st Cir.2001) 274 F.3d 610, 623–624.)  Thus, purposeful availment occurs where a nonresident defendant ' "purposefully direct[s]" [its] activities at residents of the forum' (*Burger King*, *supra*, 471 U.S. at p. 472), ' "purposefully derive[s] benefit" from' its activities in the forum (*id.* at p. 473), 'create[s] a "substantial connection" with the forum' (*id.* at p. 475), ' "deliberately" has engaged in significant activities within' the forum (*id.* at pp. 475–476), or 'has created "continuing obligations" between [itself] and residents of the forum' (*id.* at p. 476).  By limiting the scope of a forum's jurisdiction in this manner, the ' "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts . . . . ' (*Id.* at p. 475.)  Instead, the

8

defendant will only be subject to personal jurisdiction if ' "it has clear notice that it is subject to suit there, and can act to alleviate the risk of burdensome litigation by procuring insurance, passing the expected costs on to customers, or, if the risks are too great, severing its connection with the state." ' (*Pavlovich*, at p. 269, quoting *World-Wide Volkswagen*, *supra*, 444 U.S. at p. 297.)" (*Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1062-1063 (*Snowney*).)

"A controversy is related to or arises out of the defendant's forum contacts, so as to satisfy the second requirement for the exercise of specific personal jurisdiction, if there is 'a *substantial connection* between the forum contacts and the plaintiff's claim.' (*Vons*, *supra*, 14 Cal.4th at p. 452.) The forum contacts need not be the proximate cause or 'but for' cause of the alleged injuries. (*Id.* at pp. 462–467.) The forum contacts also need not be 'substantively related' to the cause of action, meaning those contacts need not establish or support an element of the cause of action. (*Id.* at pp. 469-475.) 'A claim need not arise directly from the defendant's forum contacts in order to be sufficiently related to the contact to warrant the exercise of specific jurisdiction. Rather, as long as the claim bears a substantial connection to the nonresident's forum contacts, the exercise of specific jurisdiction is appropriate.' (*Id.* at p. 452.) Accordingly, in evaluating the quality and nature of the defendant's forum contacts, we consider not only the conduct directly affecting the plaintiff, but also the broader course of conduct of which it is a part. (*Cornelison v. Chaney*, *supra*, 16 Cal.3d at p. 149.)

"In determining whether the exercise of jurisdiction would be fair and reasonable, so as to satisfy the third requirement for the exercise of specific personal jurisdiction, a court must consider (1) the burden on the defendant of defending an action in the forum, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining relief, (4) ' "the interstate [or international] judicial system's interest in obtaining the most efficient resolution of controversies," ' and (5) the states' or nations' shared interest ' "in furthering fundamental substantive social policies." ' (*Asahi* [*Metal Industry Co. v. Superior Court* (1987)] 480 U.S. [102,] 113 [94 L.Ed.2d 92, 107 S.Ct. 1026]; see *id.* at p. 115.) 'These considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required. [Citations.] On the other hand, where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' (*Burger King*, *supra*, 471 U.S. at p. 477.)" (*Anglo Irish Bank Corp., PLC v. Superior Court* (2008) 165 Cal.App.4th 969, 979-980, fn. omitted (*Anglo Irish*).)

2. *Standard of Review*

"A plaintiff opposing a motion to quash service of process for lack of personal jurisdiction has the initial burden to demonstrate facts establishing a basis for personal jurisdiction. (*Snowney*[, *supra*, 35 Cal.4th at p.] 1062[].) If the plaintiff satisfies that burden, the burden shifts to the defendant to show that the exercise of jurisdiction would be unreasonable. (*Ibid.*) If there is no conflict in the evidence, the question whether

10

a defendant's contacts with California are sufficient to justify the exercise of personal jurisdiction in this state is a question of law that we review de novo. (*Ibid.*) If there is a conflict in the evidence underlying that determination, we review the trial court's express or implied factual findings under the substantial evidence standard. (*Vons*, *supra*, 14 Cal.4th at p. 449.)" (*HealthMarkets*, *supra*, 171 Cal.App.4th at pp. 1167-1168.)

3. *Darley Failed to Establish a Basis for Personal Jurisdiction in California*

a. *Specific Personal Jurisdiction*

Darley contends SDRC Inc. purposefully availed itself of the benefits of conducting activities in California by maintaining a business relationship with Hanul, a California resident. Hanul purportedly continued to perform legal services in connection with the foreign investment program after SDRC Inc. replaced SDIBI as the program operator. Darley also cites evidence that Hanul controlled SDRC Inc. and that SDRC Inc. designated a partner in Hanul, James Park, a California resident, as its registered agent for a time. Park also purportedly was a director of SDRC Inc. and signed the Memorandum of Understanding on its behalf.

We conclude that Darley failed to present evidence sufficient to establish purposeful availment. Darley presented little evidence of Hanul's actual role in the foreign investment program and its relationship with SDRC Inc. Darley presented no evidence that SDRC Inc. purposefully directed its activities toward California or California residents through its relationship with Hanul. Although Darley argues that Hanul plays an essential role in SDRC Inc.'s operation of the regional center and its

11

marketing efforts, it presented no evidence of any contractual relationship or any continuing obligation between SDRC Inc. and Hanul or any California resident. The evidence of Park's involvement in both SRDC Inc. and Hanul fails to show that SDRC Inc. purposefully directed its activities toward California in any manner. In short, Darley failed to show that SDRC Inc. purposefully directed its activities toward California so as to justify the exercise of specific personal jurisdiction in this state.

Darley also contends SDRC Inc. is subject to personal jurisdiction in California as SDIBI's successor. *Sanders v. CEG Corp.* (1979) 95 Cal.App.3d 779, 786-787, held that a nonresident corporation was subject to specific personal jurisdiction in California in a products liability action as the corporate successor to the manufacturer through a merger where the manufacturer would have been subject to specific personal jurisdiction in this state. (See also *CenterPoint Energy, Inc. v. Superior Court* (2007) 157 Cal.App.4th 1101, 1120.) Here, in contrast, Darley has not shown that SDRC Inc. is SDIBI's successor. The trial court expressly found that SDRC Inc. is not SDIBI's successor, and substantial evidence supports that finding.[3] We therefore conclude that SDRC Inc. is not subject to specific personal jurisdiction as SDIBI's successor.[4]

---

[3] Whether SDRC Inc. is SDIBI's successor is a question of fact. We review the trial court's finding under the substantial evidence standard. (*Mealy v. B-Mobile, Inc.* (2011) 195 Cal.App.4th 1218, 1222.) Darley does not acknowledge the standard of review, fails to discuss the evidence supporting the order and explain why it is insufficient and therefore has shown no error. (*Bell v. H.F. Cox, Inc.* (2012) 209 Cal.App.4th 62, 80; *Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1304-1305.)

[4] Darley cites *Saunders*, *supra*, 95 Cal.App.3d 779, in support of its contention that SDRC Inc. is subject to general personal jurisdiction as SDIBI's successor.

b. *General Personal Jurisdiction*

Our conclusion that Darley failed to show purposeful availment for purposes of specific personal jurisdiction also compels the conclusion that it failed to show such extensive and wide-ranging or substantial, continuous and systematic contacts with California as to establish a basis for general personal jurisdiction in this state.

Some California courts have stated that general personal jurisdiction over a nonresident defendant is established under an agency theory if the defendant exercises "pervasive and continual" control over a subsidiary doing business in California. (*BBA Aviation PLC v. Superior Court* (2010) 190 Cal.App.4th 421, 429-430; *F. Hoffman-La Roche, Ltd. v. Superior Court* (2005) 130 Cal.App.4th 782, 797-798; *Sonora Diamond Corp. v. Superior Court* (2000) 83 Cal.App.4th 523, 541; but see *Anglo Irish*, *supra*, 165 Cal.App.4th at p. 983 [declined to apply state substantive law of agency and alter ego to determine the constitutional limits of specific personal jurisdiction]; *HealthMarkets*, *supra*, 171 Cal.App.4th at pp. 1169-1170 [same].) Similarly, some courts have stated that general personal jurisdiction over a nonresident defendant is established under the representative services doctrine, a species of agency, if a local subsidiary exists only to further the business of its parent and performs acts in California that the parent otherwise would have to perform itself as part of its business

---

Because *Saunders* involved specific rather than general personal jurisdiction, we will address the point with respect to specific personal jurisdiction. Our conclusion with respect to general personal jurisdiction based on a successor relationship is the same.

13

operations. (*BBA*, *supra*, 190 Cal.App.4th at p. 430; *F. Hoffman-La Roche*, *supra*, 130 Cal.App.4th at p. 798; *Sonora*, *supra*, 83 Cal.App.4th at pp. 542-543.)

The trial court here expressly found that there is no agency relationship, and substantial evidence supports that finding.[5] We therefore conclude that Darley failed to establish the existence of general personal jurisdiction based on agency or the representative services doctrine and need not decide whether those theories could establish a basis for general personal jurisdiction in other circumstances.

### 4.    *Conclusion*

In summary, we conclude that Darley failed to establish a basis for either specific or general personal jurisdiction in California. In light of our conclusion, SDRC Inc. cannot be compelled to arbitrate in California, so we need not review the merits of the denial of Darley's petition to compel arbitration.

---

[5]    The existence of an agency relationship is a question of fact. (*Garlock Sealing Technologies, LLC v. NAK Sealing Technologies Corp.* (2007) 148 Cal.App.4th 937, 965.) We review the trial court's finding under the substantial evidence standard. (*Ibid.*) Darley does not acknowledge the standard of review, fails to discuss the evidence supporting the order and explain why it is insufficient and therefore has shown no error. (*Bell v. H.F. Cox, Inc.*, *supra*, 209 Cal.App.4th at p. 80; *Provost v. Regents of University of California*, *supra*, 201 Cal.App.4th at pp. 1304-1305.)

## *DISPOSITION*

The order granting the motion to quash service of summons and denying the petition to compel arbitration is affirmed.  SDRC Inc. is entitled to recover its costs on appeal.

*NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS*

CROSKEY, J.

WE CONCUR:

KLEIN, P. J.

KITCHING, J.