Filed 10/25/22 Bonab v. Ginn CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FARAZ FADAVI AKHAVAN BONAB, | H048837 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 20CV366892) |
| v. | |
| SAMUEL GINN, | |
| Defendant and Respondent. | |

In 2018, plaintiff Fadavi Akhavan Bonab and defendant Samuel Ginn were in a single-car injury accident in West Lafayette, Indiana. Bonab brought suit against Ginn, the driver. The superior court granted Ginn's motion to quash service of the summons for lack of personal jurisdiction. Bonab appeals, arguing that Ginn, domiciled in Illinois, is subject to specific jurisdiction in California based on his contacts with the state and their connection with the parties' reason for being in Indiana. Because any connection between Ginn's driving and his contacts with California is too attenuated to support personal jurisdiction here, we affirm the trial court's order.

## I. BACKGROUND

Ginn and Bonab met as students at Stanford University in Palo Alto, California. In 2017, while they were still students, Ginn and Bonab formed a corporation called FGSpire, Inc., with the intention to design a software program for use by doctors of

veterinary medicine. Ginn became president of FGSpire and Bonab was chief financial officer.

Although FGSpire was incorporated in Delaware, its bylaws, in addition to a number of other corporate documents,[1] designated its principal place of business as a UPS Store mail drop in Palo Alto, California. FGSpire operated in California, establishing an account with Silicon Valley Bank, and engaging the professional services of a San Francisco-based accountant. FGSpire also pursued California clients, entering into nondisclosure agreements with two companies based in California—National Veterinary Associates and the San Francisco SPCA—and entering a contract with Petco Animal Supplies Stores, Inc., also based in California. Certain of FGSpire's corporate documents, such as its Founder Stock Purchase Agreements with Bonab and with Ginn, specified that the agreements would be governed by the laws of the State of California.

After the conclusion of Stanford's spring quarter in June 2018, Ginn and Bonab both flew to Chicago, Illinois for the purpose of attending a business meeting on behalf of FGSpire, Inc. with representatives of the school of veterinary medicine at Purdue University in Indiana. Ginn, who is domiciled in Oak Park, Illinois, borrowed his mother's car for local ground transportation. Ginn and Bonab spent the appointed day at Purdue's school of veterinary medicine, talking to faculty and staff about FGSpire's program for the management of records.

Ginn and Bonab left Purdue in Ginn's mother's car. On the way to their hotel, Ginn veered off the road into an adjacent stand of trees. Bonab was seriously injured.

On March 30, 2020, Bonab filed suit against Ginn in Tippecanoe County in Indiana, but he dismissed his complaint without prejudice two months later. Bonab then

---

[1] Other documents listing California as the principal place of business included the (1) Action by Unanimous Written Consent of the Board of Directors in Lieu of First Meeting of FGSpire, Inc.; (2) Statement and Designation by Foreign Corporation; (3) Statements of Information; and (4) State of Delaware Annual Franchise Tax Report.

filed suit against Ginn in Santa Clara County on June 5, 2020, asserting two negligence causes of action arising out of the car accident. Bonab in his complaint named Ginn in his individual capacity as the driver and did not name FGSpire as a defendant.

On August 13, 2020, Ginn filed a motion to quash service of summons. The trial court granted the motion on January 6, 2021. The court based its order on the conclusion that specific jurisdiction had not been established, finding that (1) Ginn's out-of-state conduct, the alleged negligent driving in Indiana, was not directed toward California; (2) the accident arose out of Ginn's driving of the car, an activity that was not an essential basis of Ginn's contacts with California; and (3) Bonab's negligence claims do not arise out of or have a substantial connection with Ginn's forum-related activities. The court stated further that "[t]he fact that [Ginn] was driving the car after leaving a meeting with a potential client of FGSpire, Inc., which has various connections to California, is not a substantial nexus sufficient to establish specific jurisdiction over [Ginn]."

Bonab timely appealed.

## II.    DISCUSSION

### A.    *Legal Principles and Standard of Review*

"California courts may exercise personal jurisdiction on any basis consistent with the Constitutions of California and the United States." (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 268 (*Pavlovich*); Code Civ. Proc.; § 410.10.) "A state court's assertion of personal jurisdiction over a nonresident defendant who has not been served with process within the state comports with the requirements of the due process clause of the federal Constitution if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate ' "traditional notions of fair play and substantial justice." ' [Citations.]" (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444 (*Vons*); *Ford Motor Company v. Montana Eighth Judicial District Court* (2021) 141 S.Ct. 1017, 1024 (*Ford*).)

3

"Personal jurisdiction may be either general or specific." (*Vons*, *supra*, 14 Cal.4th at p. 445.) Bonab does not contend Ginn, an Illinois resident, is subject to general jurisdiction and we agree that general jurisdiction does not apply. (*Daimler AG v. Bauman* (2014) 571 U.S. 117, 137 [" 'For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile' "].) We therefore consider only whether Ginn is subject to this California lawsuit based on specific jurisdiction.

There are three requirements for the exercise of specific jurisdiction: "(1) 'the defendant has purposefully availed himself or herself of forum benefits' [citation]; (2) 'the "controversy is related to or 'arises out of' [the] defendant's contacts with the forum" ' [citation]; and (3) ' "the assertion of personal jurisdiction would comport with 'fair play and substantial justice' " ' [citations]." (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.) Subjecting a defendant to specific jurisdiction is considered fair "because their forum activities should put them on notice that they will be subject to litigation in the forum." (*Vons*, *supra*, 14 Cal.4th at p. 446.) It is based on the understanding that a defendant that purposefully and voluntarily directs his or her activities toward a forum receives a benefit and therefore should not be surprised that he or she can be sued in that forum. (*Pavlovich*, *supra*, 29 Cal.4th at p. 269.)

The California Supreme Court has described the standard of review for a motion to quash as follows: "When a defendant moves to quash service of process on jurisdictional grounds, the plaintiff has the initial burden of demonstrating facts justifying the exercise of jurisdiction. [Citation.] Once facts showing minimum contacts with the forum state are established, however, it becomes the defendant's burden to demonstrate that the exercise of jurisdiction would be unreasonable. [Citation.] When there is conflicting evidence, the trial court's factual determinations are not disturbed on appeal if supported by substantial evidence. [Citation.] When no conflict in the evidence exists, however, the question of jurisdiction is purely one of law and the reviewing court

4

engages in an independent review of the record. [Citation.]" (*Vons*, *supra*, 14 Cal.4th at p. 449.)

**B.      *Specific Jurisdiction***

**1.      *Contacts with California***

There is little dispute about the underlying facts of this case, which show a number of contacts with California.

Although Ginn argues that FGSpire is a separate entity and that its contacts with California are not his as an individual, it is undisputed that he attended university in California at Stanford, where he partnered with Bonab in forming FGSpire, consulted with Stanford faculty and local counsel in the formation of the startup, agreed to be governed by California law in his personal transactions with FGSpire, and can as chief executive officer be presumed to have consented to FGSpire's choice of California law in its transactions with other entities.

Having availed himself of California law and California-based resources, it should come as no surprise that he could potentially be subject to suit in California. But Ginn's contacts with California alone are not dispositive, where specific jurisdiction turns on the strength of the connection between these California contacts and the car accident.

**2.      *Connection Between the Controversy and Contacts with Forum State***

Having reached the conclusion that there are sufficient minimum contacts with California, the question remains whether the "controversy" arises out of or is related to those contacts.

"A claim need not arise directly from the defendant's forum contacts in order to be sufficiently related to the contact to warrant the exercise of specific jurisdiction. Rather, as long as the claim bears a substantial connection to the nonresident's forum contacts, the exercise of specific jurisdiction is appropriate." (*Vons*, *supra*, 14 Cal.4th at p. 452.) Moreover, it is not necessary that there be a causal link between the incident underlying the lawsuit and the activities in the forum state (i.e., forum conduct giving rise to the

5

plaintiff's claims).  (*Ford*, *supra*, 141 S.Ct. at p. 1026.)  It is enough for the suit to " '*relate to*' " the defendant's contacts with the forum.  (*Ibid*.)  But this "does not mean anything goes.  In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum."  (*Ibid*.)

The United States Supreme Court has cautioned:  "Even if the defendant would suffer minimal or no inconvenience from being forced to litigate before the tribunals of another State; even if the forum State has a strong interest in applying its law to the controversy; even if the forum State is the most convenient location for litigation, the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to divest the State of its power to render a valid judgment."  (*World-Wide Volkswagen Corp. v. Woodson* (1980) 444 U.S. 286, 294; *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County* (2017) 137 S.Ct. 1773, 1781 (*Bristol-Myers*).)  Consequently, "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.' "  (*Bristol-Myers*, *supra*, 137 S.Ct. at p. 1781.)  Said differently, "[w]hat is needed . . . is a connection between the forum and *the specific claims at issue*."  (*Id*. at p. 1776, italics added.)

In *Bristol-Myers*, therefore, the Supreme Court concluded there was an insufficient basis for specific jurisdiction in California for nonresidents of California who had purchased a prescription drug, Plavix, where "the nonresidents were not prescribed Plavix in California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California."  (*Bristol-Myers*, *supra*, 137 S.Ct. at p. 1781.)  The Court expressly disapproved the California Supreme Court's " 'sliding scale approach' " under which "the strength of the requisite connection between the forum and the specific claims at issue is relaxed if the defendant has extensive forum contacts that are unrelated to those claims."  (*Ibid*.)

6

Bonab relies on *Cornelison v. Chaney* (1976) 16 Cal.3d 143 (*Cornelison*), which he contends supports a finding of jurisdiction "even if the actual accident on which the lawsuit is based occurs beyond California's borders." In *Cornelison*, the plaintiff was a California resident whose husband was killed in a highway collision with the defendant's truck in Nevada, not far from the California border. (*Id.* at p. 146.) The defendant was a resident and domiciliary of Nebraska and was served at his residence in Nebraska. (*Ibid.*) The defendant's activity in California consisted of approximately 20 trips a year into the state over seven years to deliver and obtain goods; he also had an independent contractor relationship with a local broker and a Public Utilities Commission license. (*Id.* at p. 149.) The California Supreme Court concluded that there was a sufficient nexus between the highway collision in Nevada and the California contacts of the defendant truck driver, because (1) defendant engaged in a continuous course of conduct that brought him into the state almost twice a month for seven years as a trucker under a California license; (2) the accident occurred not far from the California border, while the defendant was bound for the state; (3) he was both bringing goods into California and receiving merchandise for delivery elsewhere; and (4) the accident arose out of the driving of the truck, the activity forming the essential basis of the defendant's contacts with the state. (*Ibid.*)

We need not decide whether the outcome in *Cornelison* would be the same even after the *Bristol-Myers* majority derided California's "sliding-scale approach" to specific jurisdiction as "a loose and spurious form of general jurisdiction." (*Bristol-Myers*, *supra*, 137 S.Ct. at p. 1781.) *Cornelison* on its facts does not support jurisdiction in the instant lawsuit. In *Cornelison* the "activity forming the essential basis of the defendant's contacts with the state" was the defendant's truck-driving, which was the basis of the controversy. (*Cornelison*, *supra*, 16 Cal.3d at p. 149.) In contrast, Ginn's driving his mother's car to the hotel is linked only tenuously to his contacts with California, which related to the founding of FGSpire. Although the parties had gone to Indiana for FGSpire

7

purposes, the underlying controversy was a car accident which related to FGSpire's business only incidentally in that it occurred in the hours following the Purdue marketing meetings. Ginn's driving of the car was not "directed at" California, nor can driving generally be characterized as a basis for Ginn's contacts with California, as was the case in *Cornelison*. Likewise on this record, Bonab's riding with Ginn after the Purdue meetings appears related to Ginn's California contacts only in that California happened to be the location where Ginn and Bonab met and decided to work together. We are unable to discern any other relationship linking Ginn's driving to his "purposefully and voluntarily direct[ing] his activities" toward California or his receiving a benefit thereby. (See *Pavlovich*, *supra*, 29 Cal.4th at p. 269.)

Ginn and Bonab were both in Indiana at the time of the accident because each individually had a relationship with FGSpire. While Ginn's relationship with FGSpire does involve some California activity that is presumed to inure to his benefit, the accident that occasioned this lawsuit at best relates to Bonab's connection with FGSpire, not Ginn's California activities in furtherance of his own. The bare fact that each party's work for FGSpire placed him with the other in the state where it became convenient for the parties to share a ride is too attenuated a connection to Ginn's contacts with California to find the assertion of specific jurisdiction to comport with notions of " 'fair play and substantial justice.' " (*Ford*, *supra*, 141 S.Ct. at p. 1024.) Even dissenting in *Bristol-Myers*, Justice Sotomayor noted the limits to her disagreement: "respondents could not, for instance, hale Bristol–Myers into court in California for negligently maintaining the sidewalk outside its New York headquarters—a claim that has no connection to acts Bristol–Myers took in California." (*Bristol-Myers*, *supra*, 137 S.Ct. at p. 1786, dis. opn. of Sotomayor, J.).) Likewise, Ginn cannot be haled into court in California for negligently driving in Indiana.

8

### III.    DISPOSITION

The superior court's order granting the motion to quash is affirmed.  Costs on appeal are awarded to Ginn.

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

GROVER, J.

*Bonab v. Ginn*
H048837

10